**Abelardo P. DASIGAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 83–7541.

United States Court of Appeals, Ninth Circuit.

Submitted April 25, 1984 *.

Decided June 11, 1984.

As Amended Sept. 18, 1984.

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

* The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R.App.P. 34(a).

Ladd A. Baumann, Baumann & Hull, Agana Guam, for petitioner.

Madelyn E. Johnson, Washington, D.C., for respondent.

Before BARNES, HUG and ALARCON, Circuit Judges.

Abelardo Pabio Dasigan seeks review of a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of his application for suspension of deportation. *See* 8 U.S.C. § 1254(a)(1). He contends that the BIA abused its discretion by finding that: (1) deportation to the Philippines would not cause him extreme hardship; and (2) his brief trips to the Philippines "meaningfully interrupted" his seven years continuous presence in the United States.

Dasigan, a fifty-nine-year-old native and citizen of the Philippines, first entered the United States as a non-immigrant temporary worker in September 1973. Between 1973 and 1982, Dasigan left the United States temporarily and returned to the Philippines twice, from May 1976 until January 1977 and from October 1979 until January 1980. Both times Dasigan left the United States because his temporary worker visa expired and returned after obtaining a new temporary worker visa.

Unfortunately for petitioner, the Supreme Court of the United States changed the law from what he (and this court) had previously thought and stated it to be. Petitioner had filed his opening brief on this appeal on September 30, 1983. The INS filed its answering brief on November 4, 1983. On January 10, 1984, the Supreme Court handed down the decision in *INS v. Phinpathya*, — U.S. —, 104 S.Ct. 584, 589, 78 L.Ed.2d 401 (1984) and reversed this court's opinion appearing at 673 F.2d 1013 (9th Cir.1981) which had followed this circuit's earlier opinion in *Kamheangpatiyooth v. INS*, 597 F.2d 1253, 1257 (9th Cir.1979).

The issue considered in *Phinpathya* was the intent of Congress in using the words in 8 U.S.C. § 1254(a)(1), "continuous physical presence." Said the Supreme Court:

"The [Ninth Circuit] Court of Appeals' interpretation of this requirement [continuous physical presence] departs from the act's plain meaning. § 244(a)(1)'s language requiring certain threshold criteria to be met before the Attorney General in his discretion may suspend deportation, plainly narrows the class of aliens who may obtain suspension."

In *Kamheangpatiyooth v. INS*, the petitioner had a thirty day absence in the first four years of his seven year stay in this country so that he might visit his mother, who was gravely ill and died the following year.

In *INS v. Phinpathya*, the alien had a 3 month absence during his seven year stay in this country. Six of the Supreme Court Justices described this as an adequate showing that his stay was not continuous and three more agreed as to its adequacy in this case, although they expressed the conviction that "continuous presence" would not be broken by an inadvertent crossing of the nation's borders, or perhaps a one day excursion to our neighboring countries.

To be eligible for suspension of deportation, an alien must establish: (1) seven years continuous physical presence in the United States; (2) good moral character; and (3) that deportation would cause extreme hardship. 8 U.S.C. § 1254(a)(1). Here, the BIA found that Dasigan failed to establish seven years continuous presence and extreme hardship.

Dasigan contends that the BIA legally erred in narrowly interpreting "continuous" physical presence. He argues that his two trips to the Philippines to obtain a new nonimmigrant temporary worker visa did not "meaningfully interrupt" his seven years continuous presence in the United States.

In *INS v. Phinpathya*, the Supreme Court held that the seven years continuous

presence requirement of § 1254(a)(1) is a strict threshold criteria an alien must meet before the Attorney General may exercise discretion to suspend deportation. *Id.* at 592. After reviewing the language of the statute and legislative history, the Court refused to permit any exception to "continuous physical presence" to satisfy the statutory requirement. *Id.* at 589–93.[1]

The petition for review is DISMISSED.

---

1. In disapproving any exception to the "continuous physical presence" requirement of § 1254(a)(1), the Court carefully distinguished this case from *Rosenberg v. Fleuti,* 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), in which it took a much more flexible approach to statutory construction under the Immigration and Nationality Act:

> "*Fleuti* dealt with a statutory exception enacted precisely to ameliorate the harsh effects of prior judicial construction of the "entry" doctrine... By contrast, this case deals with a threshold requirement added to that statute specifically to limit the discretionary availability of the suspension remedy... Thus, whereas a flexible approach to statutory construction was consistent with the congressional purpose underlying § 101(a)(13), such an approach would not be consistent with the congressional purpose underlying the "continuous physical presence" requirement. [Citations omitted.]"

*INS v. Phinpathya,* 104 S.Ct. at 591.