Alfredo BAGUES–VALLES and Micaela Villa de Bagues, Petitioners,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

No. 84–7446.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 6, 1985.

Decided Dec. 2, 1985.

Edward S. Nissman, Nissman & Rogen, Los Angeles, Cal., for petitioners.

Fumiko Hachiya Wasserman, Asst. U.S. Atty. (on brief), Lawrence W. Chamblee, Asst. U.S. Atty. (argued), Los Angeles, Cal., for respondent.

Before WALLACE, CANBY, and BEEZER, Circuit Judges.

WALLACE, Circuit Judge:

Alfredo Bagues-Valles and Micaela Villa de Bagues (the Bagueses), husband and

wife, seek review of a decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's denial of their applications for suspension of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.

## I

The Bagueses are natives and citizens of Mexico. The husband first entered the United States in March 1971; his wife first entered in July 1972. Both entries were illegal and both returned to Mexico in June 1975 after being found deportable and allowed to depart voluntarily. They illegally re-entered the United States in July 1975.

In August 1977, the Bagueses each received a "*Silva* notice" from the Immigration and Naturalization Service (INS). In *Silva v. Levi*, No. 76–C–4268 (N.D.Ill. Mar. 22, 1977), the INS was temporarily enjoined and subsequently permanently enjoined from deporting certain Western Hemisphere aliens because of an erroneous allocation of visas. The "*Silva* notice" informed the Bagueses, in both English and Spanish, that, in compliance with a court order from the Northern District of Illinois, the INS would be "taking no action on [your] case until further order from the Court. This means that you are permitted to remain in the United States without threat of deportation or expulsion until further notice." In March 1981, the Bagueses again returned to Mexico; they illegally re-entered the United States three weeks later.

After the *Silva* injunction was vacated on November 1, 1981, the INS proceeded with deportation actions against the Bagueses. The Bagueses conceded deportability but submitted applications for suspension of deportation under 8 U.S.C. § 1254(a)(1). The immigration judge determined that the Bagueses were statutorily ineligible for the discretionary grant of suspension of deportation because they could not satisfy the 7-year "continuous physical presence" requirement of section 1254(a)(1). After the Supreme Court ruled in *INS v. Phinpathya*, 464 U.S. 183, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984) (*Phinpathya*), that this 7-year "continuous physical presence" requirement should be read literally, the BIA affirmed.

## II

The Bagueses make two arguments in support of their petition for review. They do not dispute that, under *Phinpathya*, they have not been physically present in the United States for a continuous 7-year period. Instead, they contend that the BIA's application of *Phinpathya* violates due process since (1) they are recipients of *Silva* notices, and (2) the application was retroactive.

■ The Bagueses did not raise these issues in the administrative proceedings. As a general rule, issues not raised before an administrative tribunal cannot be raised on appeal from that tribunal. *Reid v. Engen*, 765 F.2d 1457, 1460 (9th Cir.1985) (*Reid*); *Tejeda-Mata v. INS*, 626 F.2d 721, 726 (9th Cir.1980), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982). The BIA, however, has no jurisdiction to adjudicate constitutional issues. *See Hernandez-Rivera v. INS*, 630 F.2d 1352, 1355 (9th Cir.1980). In addition, the due process claims made by the Bagueses do not concern "procedural errors correctable by the administrative tribunal." *Reid*, 765 F.2d at 1461. Accordingly, the requirement that administrative remedies be exhausted does not preclude the Bagueses from raising their due process claims.

### A.

The Bagueses argue that because they received *Silva* notices, applying *Phinpathya* to them violates due process. The core of this argument appears to be that the *Silva* notices misled the Bagueses into believing that they could depart from the United States without prejudicing their legal rights against deportation. But for the *Silva* notices, the argument runs, the Bagueses would have remained in the United States and would have satisfied the 7-year "continuous physical presence" require-

ment of section 1254(a)(1). Applying *Phinpathya* in these circumstances, the Bagueses conclude, violates their right to due process.

We find no merit in this argument. The *Silva* notices adequately informed the Bagueses of the limited protection afforded by the *Silva* order. Moreover, the notices were clearly confined to the subject matter of rights under *Silva*. Nothing in the notices could be read reasonably to suggest that the Bagueses could depart from the United States without damaging their rights under section 1254(a)(1). Nor is there any basis for the contention that the INS, in notifying the Bagueses of the *Silva* order, thereby incurred an obligation to advise the Bagueses of other discrete legal rights.

In sum, the *Silva* notices did not misrepresent the protection afforded by *Silva*. The Bagueses, despite their departure from the United States, received the full protection of *Silva*, since the INS did not proceed with its deportation actions until after the *Silva* order was vacated. We therefore hold that the status of the Bagueses as recipients of *Silva* notices does not render the application of *Phinpathya* a violation of due process.

### B.

The Bagueses assert that their departures from the United States occurred prior to *Phinpathya*, at a time when the 7-year "continuous physical presence" requirement was interpreted more broadly. They contend that the retroactive application of *Phinpathya* violates due process.

We find *Phinpathya* itself dispositive of this argument because the Supreme Court's holding there was retroactive. In *Phinpathya*, the Court applied its literal reading of the "continuous physical presence" requirement to a prior departure from the United States. 464 U.S. at 186, 196, 104 S.Ct. at 588, 593; *see also Dasigan v. INS*, 743 F.2d 628 (9th Cir.1984) (per curiam) (applying *Phinpathya* to departures occurring prior to *Phinpathya* ). We therefore hold that the retroactive applica-

tion of *Phinpathya* does not violate due process.

PETITION FOR REVIEW DENIED.