967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aubrey Andrew JHINGORY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70249.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1992.*
Decided June 12, 1992.
 
 Before ALARCON, CYNTHIA HOLCOMB HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aubrey Andrew Jhingory ("Jhingory") petitions for review of an order of the Board of Immigration Appeals ("BIA") that summarily dismissed as frivolous his pro se appeal from an immigration judge's ("IJ") denial of discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). Jhingory raises three issues in this appeal:
 
 
 3
 One. The IJ failed to instruct him to seek legal advice.
 
 
 4
 Two. The IJ failed to provide him with an adequate opportunity to confer with his father, prior to the deportation hearing.
 
 
 5
 Three. The IJ failed to consider certain hardships which he would suffer if deported to Guyana.
 
 
 6
 We deny Jhingory's petition for review of the BIA's decision.
 
 I.
 
 7
 Jhingory is a 30-year-old citizen of Guyana who has been living in the United States as a lawful permanent resident since the age of twenty-one. On March 9, 1990, Jhingory was convicted of possession of opiates paraphernalia in violation of section 11364 of the California Health and Safety Code in the Municipal Court, County of Los Angeles.
 
 
 8
 On May 4, 1990, the Immigration and Naturalization Service ("INS") began proceedings to deport Jhingory pursuant to Section 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(2)(B)(i).[1] At his deportation hearing, Jhingory conceded deportability, but requested discretionary relief pursuant to Section 212(c) of the INA, 8 U.S.C. § 1182(c). The IJ found him deportable and denied his request for discretionary relief. The BIA summarily dismissed Jhingory's appeal from the IJ's deportation order as frivolous.
 
 II.
 
 9
 Section 212(c) of the INA grants the Attorney General discretion to waive deportation of otherwise excludable aliens.[2] The Attorney General delegates its discretionary authority under Section 212(c) to the BIA. In deciding whether an alien merits relief under Section 212(c), the BIA "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." Matter of Marin, 16 I & N Dec. 581, 584 (BIA 1978).
 
 
 10
 An alien applying for discretionary relief under Section 212(c) bears the burden of showing that he merits exclusion from deportation. Matter of Roberts, Interim Decision 3148, 7 (BIA 1991). If an alien has been convicted of a drug-related offense, he must demonstrate unusual or outstanding equities in order to qualify for relief from deportation. Ayala-Chavez, 944 F.2d at 641; Matter of Marin, 16 I & N Dec. at 587. "[E]vidence of hardship to the respondent and family if deportation occurs" may constitute an unusual or outstanding equity in favor of relief from deportation. Matter of Marin, 16 I & N Dec. at 585. However, even "a showing [of unusual or outstanding countervailing equities] does not compel that discretion be exercised in [the alien's] favor." Matter of Buscemi, 19 I & N Dec. 628, 634 (BIA 1988).
 
 
 11
 The BIA may summarily dismiss any appeal in which it is "satisfied, from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay." 8 C.F.R. § 3.1(d)(1-a)(iv). "Although we have not clearly articulated the standard for reviewing BIA summary dismissal of appeals under 8 C.F.R. § 3.1(d)(1-a) (1987), we have analyzed whether such summary dismissals are 'appropriate' " according to the circumstances of each particular case. Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988) (citing Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985)). Summary dismissal is not appropriate "[w]hen an alien appeals from an adverse decision on a point he has not conceded, and the appeal is not 'frivolous and filed solely for purpose of delay.' " Santana-Figueroa v. INS, 644 F.2d 1354, 1357 n. 9 (9th Cir.1981) (quoting 8 C.F.R. § 3.1(d)(1-a)).
 
 III.
 
 12
 We reject Jhingory's contention that the BIA erred by dismissing his appeal, because the IJ failed to instruct him to seek legal advice. "An alien is entitled to due process under the Fifth Amendment in his deportation hearing." Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985). This right to "due process mandates that [an alien] is entitled to counsel of his own choice at his own expense." Id.; see also 8 U.S.C. § 1362 ("In any exclusion or deportation proceedings ... the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose."); 8 U.S.C. § 1252(b)(2) (requiring the adoption of regulations to insure that the alien has the right to counsel of his choice).
 
 
 13
 In order to insure that an alien understands his right to counsel, an IJ must, pursuant to federal regulation, "advise the respondent of his right to representation ... and require him to state then and there whether he desires representation." 8 C.F.R. 242.16(a). The IJ must also "advise the respondent of the availability of free legal services programs ... [and] ascertain that the respondent has received a list of such programs." Id.
 
 
 14
 The record reveals that the IJ informed Jhingory of his right to legal representation and confirmed that Jhingory was given a list of attorneys who would be available to assist him. The record further demonstrates that Jhingory clearly waived his right to representation:
 
 
 15
 Q. [by the Court] Now you do have the right to be represented before this Court by an attorney or other representative authorized to practice in Court and this would be someone of your own choosing at no expense to the United States Government, or you may represent yourself. Do you understand your right to representation?
 
 
 16
 A. [by Jhingory] Yes.
 
 
 17
 Q. Do you wish to be represented by an attorney or other representative? No? Yes, speak up for the ...
 
 
 18
 A That's right.
 
 
 19
 Q. Okay. So you will represent yourself, is that right?
 
 
 20
 A. Yes.
 
 
 21
 ....
 
 
 22
 Q. Did you also receive a list of attorneys and other representatives that might be able to assist you?
 
 
 23
 A. Yes, sir.
 
 
 24
 Q. Okay. Thank You.
 
 
 25
 A. I have it.
 
 
 26
 Having informed Jhingory of his right to counsel and of the names of individuals who would be available to serve as legal counsel, the IJ had neither the duty nor the authority to override Jhingory's decision to represent himself. The BIA did not err in rejecting Jhingory's contention that he was not instructed to obtain legal advice.
 
 IV.
 
 27
 We also reject Jhingory's contention that dismissal of his appeal was error, because the IJ did not provide him with an opportunity to speak with his father prior to the deportation hearing. First, Jhingory had four months to confer with his father from the time that the INS began deportation proceedings against him to the time of his deportation hearing. Second, Jhingory failed to inform the IJ that he desired to speak with his father before the deportation hearing. Third, the IJ offered Jhingory the opportunity to question his father and to elicit supportive testimony. Instead, Jhingory requested that the judge perform the questioning:
 
 
 28
 Q. [by the Court] Would you like to ask your father questions, or would you like for me to sort of help you?
 
 
 29
 A. [by Jhingory] You.
 
 
 30
 Q. Okay.
 
 
 31
 The record demonstrates that Jhingory was not denied the opportunity to confer with his father prior to the deportation proceedings.
 
 V.
 
 32
 Finally, we decline to consider Jhingory's contention that the IJ ignored portions of his father's testimony regarding the hardship that he would suffer if deported to Guyana, because he failed to raise this issue in his appeal to the BIA. As a general rule, issues not raised before an administrative tribunal cannot be raised on appeal from that tribunal. Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985); Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980) ("[I]f a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum."), cert. denied, 456 U.S. 994 (1982). Furthermore, "[w]e have held that summary dismissal by the BIA is appropriate if an alien ... inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza, 774 F.2d at 1364-65). Because "our review is confined to the BIA's decision and the bases upon which the BIA relied," we are precluded from considering any claim which the BIA did not have an opportunity to address. Id.
 
 
 33
 The petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 8 U.S.C. § 1251(a)(2)(B)(i) authorizes the Attorney General to deport an alien convicted of an offense involving a controlled substance. It provides, in pertinent part, that:
 Any alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.
 8 U.S.C. § 1251(a)(2)(B)(i).
 
 
 [2]
 Section 212(c) reads, in relevant part:
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to [certain provisions of the Act].
 8 U.S.C. § 1182(c).
 We have held that this provision applies to deportation proceedings as well as exclusion proceedings, whether or not the permanent resident has ever left the United States. Ayala-Chavez v. INS, 944 F.2d 638, 640 n. 2 (9th Cir.1991); Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981).