967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Akram RAHNAMAIE, Petitioner-Appellant,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 89-70549.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1992.*
Decided June 16, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Akram Rahnamaie, a native and citizen of Iran, petitions this court for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal from the Immigration Judge's (IJ) order of deportation. We grant the petition and remand to the BIA.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 In December 1986, Rahnamaie entered the United States on a six-month tourist visa. In March 1988, she applied to the Immigration and Naturalization Service (INS) district director for political asylum, but the director denied her application and gave her thirty days to voluntarily depart the United States. When Rahnamaie remained in the United States, the INS served her with an order to show cause and charging her with deportability.
 
 
 4
 On January 31, 1989, at a calendar hearing before the IJ, attorney George Siddell appeared on behalf of Rahnamaie. He admitted her deportability and applied, on her behalf, for political asylum, withholding of deportation, or, in the alternative, voluntary departure. The IJ scheduled a deportation hearing.
 
 
 5
 On August 10, 1989 the IJ conducted an in absentia hearing on Rahnamaie's request for asylum, withholding of deportation, or in the alternative, voluntary departure. Siddell attended the hearing, but Rahnamaie did not. The IJ denied her claims for political asylum and withholding of deportation and found her deportable. The IJ did not consider her claim for voluntary departure.
 
 
 6
 On August 30, 1989 Siddell wrote a letter to Rahnamaie informing her that she had missed the deadline to appeal the IJ's decision and that he would file an appeal brief on her behalf if she paid him $110.00. On September 18, 1989, Siddell filed a notice of appeal on Rahnamaie's behalf requesting that the case be remanded to the IJ for a trial on the merits, but he failed to submit an appeal brief or any supporting affidavits on Rahnamaie's behalf. The BIA dismissed her appeal concluding that the IJ properly conducted the deportation hearing in absentia. The BIA also denied her motion to remand because Rahnamaie had not provided sufficient evidence that her medical excuse for failure to attend the hearing was legitimate.
 
 
 7
 In a motion to reopen Rahnamaie explained that she had recently received a second preference relative visa filed by her mother at the United States Consulate in Instanbul, Turkey. Rahnamaie requested voluntary departure which would enable her to go to Turkey, apply for her immigrant visa and then re-enter the United States as an immigrant. On July 24, 1991, the BIA denied Rahnamaie's motion to reopen, stating that she had not sufficiently justified her absence at the August 10th hearing.
 
 
 8
 Rahnamaie claims, through new counsel, in her petition to this court that the INS deprived her of due process when it did not personally notify her of the August 10th hearing; that her attorney's ineffective assistance deprived her of due process; that the IJ abused his discretion in conducting the in absentia hearing without considering her request for voluntary departure; that the BIA deprived her of due process when it failed to send her a briefing schedule and when it failed to review the transcript of the August 10th hearing; and that the BIA abused its discretion when it found that she had not presented sufficient evidence to establish "good cause" for her failure to attend the hearing.
 
 II. DISCUSSION
 A. Exhaustion of Administrative Remedies
 
 9
 An alien's failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust administrative remedies on that issue and "deprives this court of jurisdiction to hear the matter." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 10
 Due process claims are exempt from this procedural rule because the BIA does not have jurisdiction to adjudicate constitutional issues. Id. If the due process claim involves "procedural errors correctable by the administrative tribunal," then the petitioner must exhaust the claim at the administrative level. Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985) (internal quotation omitted).
 
 B. Ineffective Assistance of Counsel
 
 11
 Rahnamaie asserts that her due process rights were violated because Siddell's legal representations amounted to ineffective assistance of counsel.[1]
 
 
 12
 We have jurisdiction to review this claim since it is more than a procedural defect that the BIA could correct. Bugues-Valles, 779 F.2d at 484. In a deportation proceeding, a claim of ineffective assistance of counsel must demonstrate that the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting her case and that the attorney's conduct prejudiced the outcome of the proceedings. Ramirez-Durazo v. INS, 794 F.2d 491, 499-500 (9th Cir.1986) (citations omitted); see also Mohsseni Behbahani v. INS, 796 F.2d 249, 251 (9th Cir.1986).
 
 
 13
 Siddell's actions effectively prevented Rahnamaie from presenting her case to the BIA. According to Rahnamaie, Siddell never contacted her before any of the hearings at which he appeared on her behalf. He did not meet with her, talk to her, or advise her of her rights and obligations prior to the calendar hearing on January 31, 1989 when he entered a plea conceding her deportability. At the August 10th hearing Siddell made no attempt to represent Rahnamaie's interests. He neither asked for a continuance nor requested voluntary departure on Rahnamaie's behalf even though her petition requested such relief. Moreover, he did not make any attempt to contact Rahnamaie during the hearing even though the IJ waited thirty-five minutes before ruling on her case. After the hearing Siddell failed to inform Rahnamaie of her right to file a motion to reopen even though the IJ explicitly stated that filing such a motion was Rahnamaie's proper remedy. When Siddell finally contacted Rahnamaie about the possibility of an appeal, the filing deadline had already passed. After he filed a notice of appeal, he failed to submit any supporting briefs or affidavits on Rahnamaie's behalf. Given these circumstances, Siddell's actions amounted to ineffective assistance of counsel.
 
 
 14
 Siddell's ineffective assistance also prejudiced the outcome of the proceedings. At the August 10th hearing Siddell should have requested that the IJ grant her a continuance, see Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988), or the discretionary relief of voluntary departure for which Rahnamaie was statutorily eligible, see 8 U.S.C. § 1254(e). Although the IJ has the discretion to grant such relief, the record does not suggest that the IJ would have denied either request had Siddell made them. In this case, denial of voluntary departure has particularly harsh consequences. If Rahnamaie is deported she cannot legally re-enter the United States. Therefore, she would be prohibited from using the pre-approved second preference visa available to her in Turkey that would allow her to re-enter the United States as a legal immigrant.[2]
 
 III. CONCLUSION
 
 15
 The petition is GRANTED, and the case is REMANDED to the BIA to afford petitioner the hearing she should have been given.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We assume that Siddell was authorized to represent Rahnamaie during the administrative proceedings at issue in this case. He made three appearances on her behalf in the immigration court. He sent her several form letters informing her of upcoming proceedings. He also submitted a Form G-28 on Rahnamaie's behalf, even though this form was not signed by Rahnamaie. This evidence is sufficient to demonstrate representative authority. See Martinez-Zelaya, 841 F.2d 294, 296-97 (9th Cir.1988) ("personal appearance by a representative suffices to demonstrate authority to represent independent of the existence of Form G-28")
 
 
 [2]
 Because we find that Siddell provided ineffective assistance and that the case must be remanded, it is unnecessary to reach Rahnamaie's other claims