974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard COTE, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70766.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Cote, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Cote deportable under 8 U.S.C. § 1251(a)(11)[1] and denying Cote's request for waiver of deportation. Cote contends that the IJ failed to inform him that he had the right to present witnesses, and that the IJ should have granted a continuance to allow Cote the opportunity to present witnesses. Because Cote failed to raise this issue in his appeal to the BIA, we lack jurisdiction to review his claim and dismiss his petition. See Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 3
 An alien's failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust administrative remedies on that issue and "deprives this court of jurisdiction to hear the matter." Id. Due process claims are exempt from this procedural rule because the BIA does not have jurisdiction to adjudicate constitutional issues. Id. Nevertheless, if the due process claim involves "procedural errors correctable by the administrative tribunal," then the petitioner must exhaust the claim at the administrative level. Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985) (quotation omitted).
 
 
 4
 Here, Cote argues that he was denied due process because the IJ did not inform him that he could present witnesses on his behalf and did not offer to continue the proceedings so that Cote could gather witnesses.[2] Cote failed to raise these issues in his appeal to the BIA. If he had brought his due process claim before the IJ or the BIA, the alleged procedural defect could have been corrected. See Vargas, 831 F.2d at 908. Therefore, we lack jurisdiction to address this claim. See id.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cote was convicted in 1987 in California for unlawful possession of marijuana for distribution
 
 
 [2]
 Nevertheless, the IJ specifically asked if Cote had documents to submit and witnesses to present on his behalf, to which Cote answered in the negative
 Cote asserts that he raised the due process issue at this point in the proceedings. We, however, fail to see the logic in this assertion.