990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michal Antoni STRYCHALSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70149.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 31, 1993.
 
 Before WALLACE, Chief Judge,and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michal Antoni Strychalski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of an immigration judge's (IJ) decision denying his applications for asylum and withholding of deportation and finding him deportable as charged. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence standard. Id. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 II
 Statelessness Claim
 
 5
 Strychalski contends that he is stateless and that his counsel was ineffective for failing to raise this issue before the IJ and BIA. This contention lacks merit.
 
 
 6
 "As a general rule, issues not raised before an administrative tribunal cannot be raised on appeal from that tribunal." Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985). A petitioner's failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust administrative remedies on that issue and "deprives this court of jurisdiction to hear the matter." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 7
 Due process claims are exempt from this procedural rule because the BIA does not have jurisdiction to adjudicate constitutional issues. Id. If, however, the due process claim involves only "procedural errors correctable by the administrative tribunal," then the petitioner must exhaust the claim at the administrative level. Bagues-Valles, 779 F.2d at 484 (internal quotation omitted). " '[A] petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process.' " Vargas, 831 F.2d at 908 (quoting Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985)). Thus, without a showing by the petitioner that his or her due process claim does not involve procedural errors, we have no jurisdiction to consider the merits of the claim. Vargas, 831 F.2d at 908.
 
 
 8
 Here, Strychalski contends that he was denied adequate representation and prejudiced during his hearing because his previous attorney failed to raise the issue of statelessness. Because Strychalski failed to raise this issue before the BIA, we have no jurisdiction to consider the merits of Strychalski's claim. See, Vargas, 831 F.2d at 908.
 
 III
 Refugee Status
 
 9
 Strychalski contends that he is entitled to political asylum because he was previously recognized as a refugee by Australia and the United States and still has a well founded fear of persecution. This contention lacks merit.
 
 
 10
 The attorney general has the discretion to grant asylum to "refugees" under the Immigration and Nationality Act. 8 U.S.C. § 1158(a); Acewicz, No. 91-70257, slip op. at 978. A refugee is a person who is "unwilling to return to his native country because of past persecution or a 'well founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Acewicz, No. 91-70257, slip op. at 978; 8 U.S.C. § 1101(a)(42). The well founded fear standard has both a subjective and an objective component. Id.
 
 
 11
 "The subjective component may be satisfied by an applicant's credible testimony that he genuinely fears persecution. The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. at 979 (citations omitted).
 
 
 12
 Here, the IJ and the BIA concluded that Strychalski no longer had a well-founded fear of persecution by the Polish government. In reaching it's conclusion, the BIA took administrative notice that the Communists are no longer in power in Poland and that Solidarity is now part of the governing coalition in Poland. "The BIA is entitled to take notice of Solidarity's participation in the new coalition government." Id. at 977. Accordingly, there is substantial evidence in the record to support the BIA's finding that Strychalski no longer has a well-founded fear of persecution by the Polish government. See Id.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3