19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel URRIETA-MOLINA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70078.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Urrieta-Molina, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's decision finding him deportable as charged and denying his application for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a). We review for substantial evidence the BIA's finding that Urrieta-Molina was statutorily ineligible for voluntary departure, see Mabugat v. INS, 937 F.2d 426, 431 (9th Cir.1991), and we deny the petition for review.
 
 BACKGROUND
 
 3
 On May 25, 1985, the Immigration and Naturalization Service served Urrieta-Molina with an order to show cause why he should not be deported for entering the United States from Mexico without inspection. At a deportation hearing held on May 16, 1986, Urrieta-Molina admitted the allegations in the order to show cause and requested voluntary departure. An immigration judge granted his request for voluntary departure, with an alternative order of deportation if he did not depart within 60 days. He did not depart, and the immigration judge ordered him deported to Mexico.
 
 
 4
 On January 27, 1988, Urrieta-Molina applied for permanent residence in the United States. The Immigration and Naturalization Service construed his application as a motion to reopen deportation proceedings and granted the motion.
 
 
 5
 At the reopened deportation proceeding on July 30, 1991, Urrieta-Molina again conceded that he was deportable as charged for entering the United States without inspection and requested voluntary departure. He testified that in 1990 he was convicted by guilty plea of smuggling aliens into the United States, in violation of 8 U.S.C. Sec. 1325. An immigration judge found that he was deportable as charged and that his conviction for alien smuggling precluded him from establishing the good moral character required for voluntary departure.
 
 
 6
 Urrieta-Molina appealed the immigration judge's denial of his request for voluntary departure to the Board of Immigration Appeals, which affirmed the immigration judge's finding that he was statutorily ineligible for voluntary departure.
 
 DISCUSSION
 I. Voluntary Departure
 
 7
 Urrieta-Molina contends that the BIA erred in finding that his conviction for alien smuggling precluded him from establishing good moral character, a requirement for voluntary departure,[1] because he did not knowingly and voluntarily plead guilty to alien smuggling. As the BIA correctly held, Urrieta-Molina may not collaterally attack his conviction for alien smuggling in a deportation proceeding. See Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 (9th Cir.1993).
 
 II. Ineffective Assistance of Counsel
 
 8
 Urrieta-Molina contends that was denied the effective assistance of counsel at the deportation hearing. Specifically, he contends that his counsel was ineffective in conceding that he had been convicted of alien smuggling and in failing to collaterally attack his conviction in district court because he did not knowingly and voluntarily plead guilty to alien smuggling.
 
 
 9
 The INS contends that this court lacks jurisdiction to review Urrieta-Molina's ineffective assistance of counsel claim because he failed to exhaust his administrative remedies by raising the issue before the BIA. We disagree.
 
 
 10
 Due process claims not involving " 'procedural errors correctable by the administrative tribunal' " are exempt from the exhaustion requirement because the BIA lacks jurisdiction to adjudicate constitutional issues. Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987) (quoting Reid v. Engen, 765 F.2d 1457, 1460 (9th Cir.1985)). Urrieta-Molina's ineffective assistance of counsel claim, which is grounded in the fifth amendment right to due process, see Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986), does not concern a procedural error correctable by the BIA. See Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985). Accordingly, the exhaustion requirement does not preclude Urrieta-Molina from raising his ineffective assistance of counsel claim before this court.
 
 
 11
 To establish a claim of ineffective assistance of counsel in a deportation proceeding, a petitioner must demonstrate that the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case and that the attorney's conduct prejudiced the outcome of the proceedings. Ramirez-Durazo v. INS, 794 F.2d 491, 499-500 (9th Cir.1986).
 
 
 12
 Here, counsel properly conceded that Urrieta-Molina's was convicted of alien smuggling because it is indisputably true. Counsel's failure to collaterally attack Urrieta-Molina's conviction in district court did not impinge on the fundamental fairness of the deportation proceeding. See id. Accordingly, Urrieta-Molina was not denied due process by his counsel's representation.[2]
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To be eligible for voluntary departure, an alien must demonstrate good moral character for at least five years preceding the application for relief. 8 U.S.C. Sec. 1254(e). An alien who has been convicted of alien smuggling cannot establish good moral character. 8 U.S.C. Secs. 1101(f)(3), 1182(a)(6)(E)(i)
 
 
 [2]
 Urrieta-Molina requests a stay of appellate proceedings pending the BIA's review of a motion to reopen, which he has not yet filed according to his affidavit dated July 23, 1993. We decline to stay appellate proceedings. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992)