33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose SANCHEZ-SALVADOR, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 Nos. 92-70828.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1994.
Decided Aug. 15, 1994.
 
 Before: FLETCHER, CANBY AND HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Sanchez-Salvador petitions for review of a decision of the Board of Immigration Appeals finding him deportable and denying him discretionary relief from deportation. He alleges that the BIA erred in ordering his deportation because he was incompetent at the time of the hearing, and that the BIA abused its discretion in denying him discretionary relief. We grant the petition in part.
 
 I. BACKGROUND
 
 3
 Sanchez-Salvador, an El Salvadoran citizen, was lawfully admitted to the United States on July 2, 1968, when he was thirteen years old. He has lived in the United States ever since. Two of his siblings are American citizens. Two other siblings and his mother are lawful permanent residents. Although he rarely or never sees them, he has two children who are also American citizens.
 
 
 4
 Sanchez-Salvador has been hospitalized for mental illness on more than one occasion and remains under the care of a physician here. Because his condition has made him unemployable, he has relied on family members and Social Security disability benefits for assistance. Most of his family lives in the United States; he has few relatives, none of them close, remaining in El Salvador.
 
 
 5
 On November 27, 1986, Sanchez-Salvador was arrested for selling a $20 bag of marijuana to an undercover police officer. For this transaction, he was to receive $2. Two weeks later, he pleaded guilty to the offense of selling an illegal substance in violation of California Health & Safety Code Sec. 11360(a). On the basis of this conviction, the INS issued an order to show cause why he should not be deported. Following a hearing on the motion, the immigration judge found Sanchez-Salvador deportable and denied his application for relief from deportation under 8 U.S.C. Sec. 1182(c). After conducting a de novo review, the BIA reached the same conclusion. Sanchez-Salvador now petitions for review.
 
 
 6
 II. SANCHEZ-SALVADOR'S CLAIMS OF INCOMPETENCY AND
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 7
 Sanchez-Salvador contends that he was incompetent at the time of the deportation hearing. Citing numerous criminal law cases, he argues that the immigration judge and the BIA violated due process by ordering him deported when he was incompetent to assist in his own defense.
 
 
 8
 Because Sanchez-Salvador failed to present this claim to the IJ or the BIA, our review is limited to whether the alleged error rose to a constitutional violation. Bagues-Vailes v. I.N.S., 779 F.2d 483, 484 (9th Cir.1985). Although deportation proceedings do not require the full panoply of constitutional safeguards afforded to criminal defendants, see, e.g., I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 (1984) (exclusionary rule not applied in civil deportation hearings), they must conform to due process. Accordingly, Sanchez-Salvador was entitled to a full and fair hearing before being deported. United States v. Nicholas-Armenta, 763 F.2d 1089, 1090 (9th Cir.1985).
 
 
 9
 Lack of competency, however, does not prevent a judge from determining either deportability or whether to grant relief. As we held in Nee Hao Wong v. I.N.S., 550 F.2d 521, 523 (9th Cir.1977), an alien can obtain a full and fair hearing despite being incompetent. This was the case here. Sanchez-Salvador's incompetence did not prevent him from presenting, through counsel, a strong case that relief is warranted. Thus, Sanchez-Salvador received due process despite the BIA's failure to order a competency hearing.
 
 
 10
 Sanchez-Salvador also argues that he was denied effective assistance of counsel and that, because his counsel failed to request a competency hearing, he was prejudiced. Because we found he was not prejudiced by the lack of a competency hearing, this argument also fails.
 
 
 11
 III. ERROR IN WEIGHING AND CONSIDERING FACTORS PERTINENT
 
 TO SECTION 212(C) WAIVER REQUEST
 
 12
 Under 8 U.S.C. Sec. 1251(a)(2)(A)(iii), an alien is deportable if he was convicted of an "aggravated felony." An "aggravated felony" is, inter alia, "any drug trafficking crime as defined in section 924(c)(2) of Title 18." The cited section, in turn, defines a "drug trafficking crime" as a felony punishable under the Controlled Substance Act, 21 U.S.C. Sec. 801 et seq., which generally prohibits the distribution of controlled substances, such as marijuana. Because the record clearly establishes that Sanchez-Salvador was convicted of the sale of marijuana, he is deportable as a matter of law. This is not the end of the inquiry, however, for Sanchez-Salvador is entitled to have the BIA correctly consider his request for discretionary relief.
 
 
 13
 This the BIA did not do. In Yepes-Prado v. I.N.S., 10 F.3d 1363, 1371 (9th Cir.1993), we cited an Eleventh Circuit case holding that the BIA must examine the facts surrounding the precise offense and evaluate those circumstances before determining the weight to be afforded a particular drug conviction. Citing Martinez-Benitez v. I.N.S., 956 F.2d 1053, 1055 (11th Cir.1992). Because "the IJ did not properly evaluate the factors involved and failed to offer a reasoned explanation of why the only adverse factor, the single drug conviction, outweighed all of the equities in Yepes-Prado favor," we ruled that the IJ abused his discretion in denying relief. Yepes-Prado, 10 F.3d at 1370.
 
 
 14
 The Yepes-Prado principle applies with equal force here. Although the BIA based its denial of relief on the marijuana conviction that rendered Sanchez-Salvador deportable, the only conviction in the record, the BIA failed to consider the circumstances surrounding what it characterized as "an extremely serious negative factor" and a "very serious adverse factor militating against a grant of relief." Had it done so, it would have discovered that Sanchez-Salvador was apprehended for selling less than an ounce of marijuana, a $20 sale for which he was to receive only $2.
 
 
 15
 Because the BIA might have reached a different conclusion if it had considered the circumstances of the drug conviction, Sanchez-Salvador was prejudiced. Indeed, the positive equities in this case are weighty. Sanchez-Salvador is mentally ill and has lived in the United States his entire adult life, some 25 years. His whole family lives in this country. Due to his mental illness, he is incapable of obtaining employment. He relies on family members, his doctor, and governmental assistance for care. The BIA has ordered him deported to a country where he has little family and where his American family members will have difficulty assisting him with day-to-day living.
 
 
 16
 While Sanchez-Salvador is nonetheless deportable, the BIA may not deny relief on the fact of a drug conviction alone. It must "consider the relative seriousness of the particular conduct of which the petitioner was convicted." Yepes-Prado, 10 F.3d at 1371. Consequently, we must vacate that portion of the BIA's opinion denying Sanchez-Salvador discretionary relief.
 
 
 17
 Petition GRANTED in part, DENIED in part; REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3