51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cristeta Aquino MEJIA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1995.*
Decided April 4, 1995.
 
 Before: FERGUSON, BEEZER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cristeta Aquino Mejia, a citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") decision finding Mejia deportable and denying Mejia's request for suspension of deportation. Mejia does not dispute either of these conclusions by the BIA, but instead challenges the constitutionality of section 602(d) of the Immigration Act of 1990. We deny the petition for review.
 
 
 3
 * As the parties are familiar with the facts of this case, we will not repeat them here.
 
 
 4
 In the Immigration Act of 1990 ("Act"), Congress amended the ameliorative waiver provision to make a discretionary waiver of deportation available to the adult children of U.S. citizens or lawful permanent residents. 8 U.S.C. Sec. 1251(a)(1)(H). Prior to this amendment, the waiver was only available to children under the age of 21. See former 8 U.S.C. Sec. 1251(f). However, in Sec. 602(d) of the Act, Congress expressly provided that the Act's amendments to Sec. 1251 would apply only to those aliens who received notice of their deportation proceedings on or after March 1, 1991. See Immigration Act of 1990, Sec. 602(d); Braun v. INS, 992 F.2d 1016, 1017 n. 1 (9th Cir.1993). Mejia received notice of her deportation proceedings prior to March 1, 1991, and is therefore statutorily ineligible for a discretionary waiver under Sec. 1251(a)(1)(H).
 
 
 5
 By this petition for review, Mejia challenges only the constitutionality of her exclusion from consideration for a waiver of deportation.
 
 II
 
 6
 The INS argues that we lack jurisdiction to decide Mejia's challenge to Sec. 602(d) due to her failure to apply for a waiver of deportation under Sec. 1251(a)(1)(H). We analyze de novo the question of our subject matter jurisdiction to review Mejia's petition. Nike, Inc. v. Comercial Iberica De Exclusivas, 20 F.3d 987, 990 (9th Cir.1994). Mejia's claim is properly before us.
 
 
 7
 It is the general rule that issues not raised before the administrative tribunal cannot be raised on a petition for review. Tejada-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980), cert. denied, 456 U.S. 994 (1982). However, the BIA has no jurisdiction to adjudicate constitutional issues. Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985). It would therefore be futile to require Mejia to present her claim to the BIA as an initial matter. See id. For this reason, constitutional challenges such as Mejia's may be raised for the first time on petition for review. Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 8
 The INS' contention that the BIA should have the first opportunity to determine Mejia's eligibility for a waiver under Sec. 1251(a)(1)(H) is beside the point. Both parties agree that the clear terms of Sec. 602(d) make Mejia ineligible for waiver under Sec. 1251(a)(1)(H). It is the constitutionality of this very statutory exclusion that Mejia challenges. Mejia is not required to apply for relief for which she is indisputably ineligible in order to challenge the facial constitutionality of the statute excluding her from that relief. This is not a case where the petitioner has attempted to raise procedural due process claims, where the errors could have been corrected by the administrative tribunal. See Bagues-Valles, 779 F.2d at 483; Garberding v. INS, 30 F.3d 1187, 1188 (9th Cir.1994) ("we will consider constitutional claims not raised before the BIA unless the claim involves 'procedural errors' correctable by the administrative tribunal").
 
 
 9
 Additionally, contrary to the argument of the INS, Mejia does not challenge the application of Sec. 602(d). Her claim is that, on its face, Sec. 602(d) is not rationally related to any legitimate government objective and is therefore unconstitutional. Under the terms of the statute, she is not eligible to apply for a waiver of deportation. The relief she seeks here is not the waiver itself, but the right to apply in the first instance.
 
 III
 
 10
 Section 602(d) is constitutional. Mejia states in her brief that there is no rational reason for Congress to have restricted the ameliorative waiver provision to those aliens who received notice of their deportation proceedings after March 1, 1991. The bulk of her argument, however, is that Congress did not mean what it said in Sec. 602(d).
 
 
 11
 We review the constitutionality of a federal statute de novo. Apache Survival Coalition v. United States, 21 F.3d 895, 901 (9th Cir.1994). Section Sec. 602(d) is constitutional if it is rationally related to any legitimate government purpose. See e.g., Raya-Ledesma v. INS, No. 93-70392, slip op. at 15291 (9th Cir. Dec. 12, 1994).
 
 
 12
 In the Immigration Act of 1990, Congress made a number of significant changes to Sec. 1251, which sets forth many of the grounds for deportation. Among other things, the Act changed and added a number of grounds for deportation. Compare Sec. 1251(a)(1) through (5) with former Sec. 1251(a) through (e). It also made the ameliorative waiver provision (now Sec. 1251(a)(1)(H), formerly Sec. 1251(f)), applicable to the adult sons and daughters of lawful resident aliens. Section 602(d) specifies when all of the amendments to Sec. 1251 will become effective. It was rational for Congress to implement this new immigration statute as a whole, rather than piecemeal. This furthers the legitimate government objectives of uniform applicability of statutes and efficiency in administration.
 
 
 13
 The remainder of Mejia's arguments amount to the contention, based upon legislative history and general practice, that Congress inadvertently included Sec. 1251(a)(1)(H) within the scope of Sec. 602(d)'s date of applicability provisions. These arguments are without merit. Congress is presumed not to enact statutes inadvertently, United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir.1985), and we will not look to legislative history where, as here, the statute is unambiguous. United States v. Galliano, 977 F.2d 1350, 1352 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993).
 
 IV
 
 14
 Mejia's constitutional challenge to Sec. 602(d), although properly before us, is without merit. Her petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3