**Amit SEDHA; et al., Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71134.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 17, 2000.

Submission Deferred Nov. 27, 2000.

Submitted Dec. 20, 2004.

Decided Dec. 22, 2004.

---

Silverman, Circuit Judge, filed dissenting opinion.

David L. Ross, Esq., Ross, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John P. Moran, Esq., Marion E. Guyton, Attorney, Jeffrey J. Bernstein, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, NOONAN, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Jagmohan Sedha and his children, Amit and Ritu, appeal the Board of Immigration Appeals' (BIA) denial of their motion to reopen their deportation proceedings, which were conducted in abstentia.[1] Sedha alleges that he and his children did not receive proper notice of the original deportation proceedings and therefore are eligible for rescission of the deportation order. We grant the petition for review and remand this case to the BIA for further proceedings.

A deportation order granted in abstentia is subject to rescission if notice was not provided in the manner established by 8 U.S.C. § 1252b (1995). Notice of the time and place of the proceedings must be sent to the alien's address, unless notice is given in person or sent to the alien's counsel of record. The only exception to this requirement is triggered by an alien's failure to provide the address required under 8 U.S.C. § 1252b(a)(1)(F).

The 1996 Amendments substantially clarified Congress' intent, making clear that the hearing notice must be sent to "the last address provided by the alien in accordance with subsection (a)(1)(F)." 8 U.S.C. § 239(a)(1)(F). Interpreting this provision, the BIA has concluded "that an address does not become a section 239(a)(1)(F) address unless the alien receives the warnings and advisals contained

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The proceedings against the Sedhas were initiated in 1995. As such, the 1996 Amendments do not apply, having commenced before April 1, 1997. *See* Illegal Immigration Reform & Immigrant Responsibility Act of 1996 (IIRIRA) section 309(a), (c).

in the Notice to Appear." *In re G–Y–R*, 23 I & N Dec 181 (BIA 2001). This is because "an alien cannot be expected to provide an address 'under' or 'in accordance with' section 239(a)(1)(F) until the alien has been informed of the particular address obligations contained in section 239(a)(1)(F) itself." *Id.* Accordingly, when the alien does not update his or her address with the INS, and therefore does not receive notice of the (a)(1)(F) requirements, no address could have been provided pursuant to (a)(1)(F). *Id.*

Contrary to the BIA's analysis in this case, "[s]imply mailing the Notice to Appear to an address authorized under section 239(a)(1) does not automatically convert the alien's last known address into a section 239(a)(1)(F) address." *Id.* Rather, the alien must have actually received or be properly charged with receiving the Notice to Appear, before in absentia proceedings may be authorized. *Id.* Similarly, if the alien did not receive the Notice to Appear, then he cannot be on notice of the removal proceedings or the address obligations; as such "the entry of an in absentia order is precluded." *Id.*

The Sedhas' claim then turns upon whether the 1996 Amendments were novel in this regard, or whether the earlier codification contained a similar requirement. The congressional exception for aliens who have not provided the requisite (a)(1)(F) address is suggestive in this regard. As a result, whether the Sedhas received proper notice turns upon whether or not they actually received the Notice to Appear. The BIA presumed that the address was correct in evaluating the Sedhas' claim; however, this presumption was inappropriate given that the address used does not become an (a)(1)(F) address until after proper notice is received. The better approach is that contained in *In re G–Y–R, supra.*

The BIA here relied upon the use of a consistently wrong address. The remainder of the BIA opinion focuses upon the conduct of the Sedhas' attorney. The attorney's conduct toward the IJs involved in this case does not remove the burden of dispassionate inquiry with which the BIA is charged. The lack of analysis compels us to reverse its findings as an abuse of discretion.

We therefore remand, so that the BIA might determine whether the certified mail receipt contained in the record was signed by Sedha or a family member. If there is not sufficient evidence to support such a finding, then the Sedhas should be granted a new hearing.

Equitable estoppel and constitutional claims may be raised for the first time on appeal, given that the BIA has found it lacks jurisdiction to consider them. *Bagues–Valles v. INS*, 779 F.2d 483, 484 (9th Cir.1985). We do not need to reach those raised by the Sedhas at this time.

REVERSED AND REMANDED.

SILVERMAN, Circuit Judge, dissenting.

I would deny the petition because the BIA was not shown to have abused its discretion in denying the motion to reopen. The petitioners failed to come forward with any evidence that they did not receive notice of hearing. The notice was sent by certified mail to petitioners' address of record, where the return receipt was signed for. In their motion to reopen, petitioners failed to submit a declaration, an affidavit, or any other evidence attesting that the notice was sent to the wrong address, that they did not receive the notice, or that it was signed for by someone other than one of the petitioners. If they subsequently changed their address without notifying

the immigration court or the INS, they did so at their own peril.