**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDULHAKIM KHEROW HAJI-EDA, | No. 08-74520 |
| Petitioner, | Agency No. A079-820-367 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2012[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BYBEE, Circuit Judges.

Petitioner Abdulhakim Kherow Haji-Eda seeks review of the order of the

Board of Immigration Appeals ("BIA") vacating in part the decision of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge ("IJ") and denying relief under the Convention Against Torture ("CAT"). He also seeks review of the IJ's denial of withholding of removal.

Although Haji-Eda makes several arguments regarding the IJ's denial of withholding of removal, we lack jurisdiction to hear most of them. Haji-Eda failed to advance an argument with regard to withholding of removal in his brief before the BIA, and the BIA exercised its prerogative in not addressing any such arguments, so the issues are unexhausted. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc) (per curiam). Although his due process claim need not be exhausted for us to have jurisdiction, *Bagues-Valles v. INS*, 779 F.2d 483, 484 (9th Cir. 1985), the IJ did not make any factual or legal errors, much less ones rising to the level of a due process violation, *see Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir. 1990). Nor did Haji-Eda demonstrate prejudice, as required. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). Haji-Eda also challenges the Attorney General's decision in *In re Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002), but we considered—and rejected—this argument in *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 948–49 (9th Cir. 2007).

Haji-Eda challenges the BIA's denial of CAT relief. He first argues that the BIA used the wrong legal standard, requiring that, to be eligible for relief, Haji-Eda must demonstrate that torture would occur while in state custody, a requirement we negated in *Azanor v. Ashcroft*, 364 F.3d 1013, 1019–20 (9th Cir. 2004). Yet the

BIA appears to have only been responding to Haji-Eda's own assertions regarding how he thought he would be tortured, and the BIA also considered whether he might be tortured by nonstate actors, so it did not err.  Next, Haji-Eda asserts that the BIA engaged in impermissible factfinding.  The BIA is entitled to review the record and reach its own conclusions, subject to those conclusions being supported by substantial evidence, so there was no impermissible factfinding, especially given that the BIA overturned no credibility determinations.  *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 496 (1951); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003); *In re A-S-B-*, 24 I. & N. Dec. 493, 497 (B.I.A. 2008).  Finally, Haji-Eda asserts that substantial evidence did not support the BIA's decision to deny him CAT relief.  Haji-Eda has shown no "particularized threat of torture," only a fear of the general violence and atrocities committed by warring factions within his country of removal, so he is not entitled to CAT relief.  *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (emphasis removed) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)) (internal quotation marks omitted).

PETITION DISMISSED IN PART AND DENIED IN PART.