**Roberta Charmaine GARBERDING, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 93–70039.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1994.

Decided July 27, 1994.

Allen M. Ressler, Browne & Ressler, Seattle, WA, for petitioner.

Emily Anne Radford and Richard M. Evans, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: WIGGINS and THOMPSON, Circuit Judges, and EZRA, District Judge.*

DAVID R. THOMPSON, Circuit Judge:

Roberta Charmaine Garberding is a 42-year-old Canadian citizen in the United States as a lawful permanent resident. She pleaded guilty in Montana state court to possession of more than sixty grams of marijuana, a felony. She was placed on probation and imposition of sentence was suspended for three years.

When the Immigration Service learned of her criminal conviction it charged her with deportability under 8 U.S.C. § 1251(a)(11) (1988). Under this section, an alien who has been convicted of violating any law or regulation relating to a controlled substance (marijuana possession falls in this category) is subject to deportation.

Before her deportation hearing, the Montana state court permitted Garberding to withdraw her guilty plea and enter a plea of not guilty. The court then dismissed the marijuana possession charge *nunc pro tunc,* pursuant to Montana Code Annotated § 46–18–204.

At her deportation hearing, Garberding argued Montana's expungement statutes are the functional equivalent of the Federal First Offender Act (FFOA), 18 U.S.C. § 3607 (1988). Had her conviction been expunged under the FFOA or a state expungement statute which was the exact counterpart of the FFOA, she would not be deportable. She contended it was sufficient that the Montana expungement statutes were functionally equivalent to the FFOA, and that it was not necessary the statutes be the exact counterpart of the FFOA.

The immigration law judge and the Board of Immigration Appeals disagreed. They both concluded the Montana statutes under which Garberding's conviction had been expunged were not the "exact counterpart" of the FFOA, and because they were not, Garberding was deportable. She petitions for review. Because we conclude Garberding's deportation order violates her right to equal protection under the Constitution, we grant her petition for review and vacate her deportation order.[1]

## I

The long-standing general rule is that expungement of a conviction for a controlled substance offense will not allow an alien to avoid 8 U.S.C. § 1251(a)(11)'s deportation provision. *In re A–F,* 8 I & N Dec. 429, 445 (A.G. 1959) ("Congress did not intend that aliens convicted of narcotic violations should

---

* Hon. David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

1. Garberding raised the equal protection issue for the first time in this appeal. Generally, failure to raise an issue with the BIA constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to consider the issue. *Vargas v. U.S. Dept. of Immigration,* 831 F.2d 906, 907–08 (9th Cir.1987) (citing *Tejada–Mata v. INS,* 626 F.2d 721, 726 (9th Cir.1980), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982); *Chung Young Chew v.*

*Boyd,* 309 F.2d 857, 861 (9th Cir.1962)). However, because the BIA does not have jurisdiction to adjudicate constitutional issues, we will consider constitutional claims not raised before the BIA unless the claim involves "procedural errors" correctable by the administrative tribunal. *Vargas,* 831 F.2d at 908; *Bagues–Valles v. INS,* 779 F.2d 483, 484 (9th Cir.1985). Garberding's equal protection claim does not involve procedural errors. Therefore, we consider the claim in this appeal.

escape deportation because, as in California, the State affords a procedure authorizing a technical erasure of the conviction.") *Accord de la Cruz–Martinez v. INS,* 404 F.2d 1198 (9th Cir.1968), *cert. denied,* 394 U.S. 955, 89 S.Ct. 1291, 22 L.Ed.2d 491 (1969); *Garcia–Gonzales v. INS,* 344 F.2d 804, 809–10 (9th Cir.), *cert. denied,* 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed.2d 81 (1965) (citing *In re A–F* ); *In re Ozkok,* Int.Dec. 3044 (BIA 1988)).

However, the Attorney General will not deport an alien under 8 U.S.C. § 1251(a)(11) if the alien's conviction has been expunged under the FFOA or a state counterpart to that act. *In re Deris,* Int.Dec. 3102 (BIA 1989); *In re Golshan,* 18 I & N Dec. 92 (BIA 1981); *In re Kaneda,* 16 I & N Dec. 677, 678 (BIA 1980) (citing *In re Werk,* Int.Dec. 2589 (BIA 1977)).

The FFOA provides in part:

(a) If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)—

(1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and

(2) has not previously been the subject of a disposition under this subsection;

the court may ... place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. ...

18 U.S.C. § 3607 (1988).

Section 404 of the Controlled Substances Act criminalizes simple possession of a controlled substance and provides the punishment for that offense. 21 U.S.C. § 844(a) (Supp.1992). Marijuana is a controlled substance. The statute distinguishes the amount of a controlled substance possessed only with respect to possession of a mixture or substance which contains cocaine base. *Id.*

The Montana statute under which the state court deferred imposition of Garberding's sentence provides in part:

(1) Whenever a person has been found guilty of an offense upon a verdict or a plea of guilty, the court may:

(a) defer imposition of sentence ... for a period ... not exceeding 1 year for any misdemeanor or for a period not exceeding 3 years for any felony. ...

Mont.Code Ann. § 46–18–201.

The Montana statute under which the charges against Garberding were dismissed provides in part:

Whenever the court has deferred the imposition of sentence and after termination of the time period during which imposition of sentence has been deferred, ... the court may allow the defendant to withdraw his plea of guilty or may strike the verdict of guilty from the record and order that the charge or charges against him be dismissed. ...

Mont.Code Ann. § 46–18–204.

We agree with the BIA that the Montana statutes are not a state counterpart to the FFOA. The FFOA permits expungement of only a single, first time simple possession offense under 21 U.S.C. § 844(a) (Supp.1992). The Montana statutes under which Garberding's conviction was expunged, Mont.Code Ann. §§ 46–18–201 and 46–18–204, are not limited to first time simple possession offenses, but permit expungement of a broad range of other, more serious offenses.

The present case is similar to *In re Deris,* Int.Dec. 3102 (BIA 1989). There, the alien pleaded guilty in Maryland to possession of cocaine. The state court later ordered the alien's guilty plea stricken and placed the alien on probation for two years, pursuant to Maryland's first offender statute. The INS then issued an order to show cause charging the alien with deportability under 8 U.S.C. § 1251(a)(11) (1988). The alien argued that the Maryland expungement statute was the state counterpart to the FFOA. The BIA disagreed, stating:

Congress restricted first offender treatment to those it believed might be rehabilitated from drug abuse. This congressional

policy of leniency was not extended to persons guilty of any other crime. We therefore find that Congress intended that aliens who have been sentenced under state first offender statutes of general applicability for violations of law unrelated to drug possession should be considered "convicted" and should not be exempt from the immigration consequences of their crime. *Deris,* Int.Dec. 3102 at 11, n. 7.

In *Deris,* the BIA enunciated the rule that "if a [state expungement] statute applies to offenders of more serious drug violations [than simple possession of a controlled substance] it will not be considered to be the state equivalent to the federal first offender statute." *Id.* at 13 (citing *In re Berker,* 15 I & N Dec. 725 (BIA 1976)). Because the Maryland statute permitted expungement of convictions not only of simple possession but also of more serious offenses and offered "favorable treatment to anyone committing his first drug violation regardless of the severity of his offense," it was not a state counterpart to the FFOA and, because it wasn't, aliens sentenced under the Maryland statute were "not exempt from the immigration consequences of a drug conviction." *Id.* at 14.

Like the Maryland statute in *Deris,* the Montana expungement statutes in this case are not an exact counterpart to the FFOA. This does not end our inquiry, however, because *Deris* does not control this case. The Constitution does.

## II

■■■ It is well established that all individuals in the United States—citizens and aliens alike—are protected by the Due Process Clause of the Constitution. *See, e.g., Mathews v. Diaz,* 426 U.S. 67, 77, 96 S.Ct. 1883, 1890, 48 L.Ed.2d 478 (1976). It is equally well established that the Due Process Clause incorporates the guarantees of equal protection. *Johnson v. Robison,* 415 U.S. 361, 364 n. 4, 94 S.Ct. 1160, 1165 n. 4, 39 L.Ed.2d 389 (1974).

■■■ However, "[f]ederal authority in the areas of immigration and naturalization is plenary." *Mendoza v. INS,* 16 F.3d 335, 338 (9th Cir.1994) (quoting *Sudomir v. McMahon,* 767 F.2d 1456, 1464 (9th Cir.1985)). "Accordingly, federal classifications based on alienage are subject to relaxed scrutiny." *Sudomir,* 767 F.2d at 1464 (citing *Nyquist v. Mauclet,* 432 U.S. 1, 7 n. 8, 97 S.Ct. 2120, 2124 n. 8, 53 L.Ed.2d 63 (1977); *Mow Sun Wong v. Campbell,* 626 F.2d 739, 744 n. 10 (9th Cir.1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1419, 67 L.Ed.2d 384 (1981)). "Federal classifications distinguishing among groups of aliens thus are valid unless 'wholly irrational.'" *Sudomir,* 767 F.2d at 1464 (citing *Mathews v. Diaz,* 426 U.S. 67, 83, 96 S.Ct. 1883, 1893, 48 L.Ed.2d 478 (1976)).

The INS argues there is a rational basis for deporting an alien such as Garberding, whose conviction has been expunged under Montana's broad expungement statute, and not deporting aliens whose convictions are expunged under a narrow state expungement statute which is the exact counterpart to the FFOA. The INS contends this difference in treatment is rational because "of the differing goals and results that obtain under the Federal First Offender statute, as opposed to broader state expunction remedies." It argues its policy of requiring an exact state counterpart "effects a consistent Congressional policy to deal harshly with drug offenders under the immigration laws [and] to deal strictly with aliens who violate laws governing controlled substances."

We reject this argument. Even assuming the INS's policy is consistent with Congressional policy to deal harshly with drug offenders under the immigration laws, when the INS distinguishes one class of aliens for different treatment there must be some rational basis for doing so; otherwise, its classification is wholly irrational. *See Tapia–Acuna v. INS,* 640 F.2d 223, 225 (9th Cir. 1981).

Here, there is no rational basis for treating Garberding differently. Had she possessed her marijuana in Michigan, Virginia or Wisconsin, she would not have been subject to deportation. These states have expungement statutes which are the exact counter-

part of the FFOA.[2]  Garberding had the bad luck or poor judgment to possess her marijuana in Montana.  The state legislature in Montana has seen fit to extend the privilege of expungement to persons who are convicted of drug offenses more serious than Garberding's simple first time possession.  It is this fortuitous circumstance, not Garberding's conduct, which the INS used to distinguish her for deportation.  This may indeed reflect a policy of harsh treatment of aliens who commit drug offenses, but distinguishing Garberding for deportation because of the breadth of Montana's expungement statute, not because of what she did, has no logical relation to the fair administration of the immigration laws or the so-called "war on drugs."  *See Francis v. INS*, 532 F.2d 268, 272 (2d Cir.1976) (distinctions between different classes of persons made by federal immigration policies "must be reasonable not arbitrary and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.").

Because there is no rational basis for the BIA treating Garberding differently from an alien whose conviction for first time marijuana possession is expunged under a state statute which is the exact counterpart of the FFOA, singling her out for deportation is wholly irrational.  The order for her deportation violates her right to equal protection under the Constitution.

Petition for review GRANTED.  Order of deportation VACATED.

---

**2.**  In *In re Haddad,* 16 I & N Dec. 253 (BIA 1977), the BIA held that Michigan's first offender statute is a state counterpart to the FFOA.  The current version of the Michigan statute is found at Michigan Compiled Laws § 333.7411.  *In re Kaneda,* 16 I & N Dec. 677 (BIA 1979), held that

Virginia Code Annotated § 18.2–251 is a counterpart to the FFOA.  The INS also considers Wisconsin Statute § 161.47 to be a counterpart to the FFOA.  *In re Werk,* 16 I & N Dec. 234 (BIA 1977).