50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Gonzalo VIVAS-ROBELO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70674.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1995.*
Decided March 1, 1995.
 
 Before: WALLACE, Chief Judge, HUG and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Gonzalo Vivas-Robelo petitions for review of the Board of Immigration Appeals' denial of his request for relief from deportation. We have jurisdiction under 8 U.S.C. Sec. 1105(a). We deny the petition.
 
 I. Background
 
 3
 Vivas-Robelo is a native and citizen of Nicaragua who fled his country to escape persecution by the Sandanista regime. He came to the United States by obtaining a valid visa, and entered the country on June 27, 1980, as a representative of the foreign media.
 
 
 4
 On October 28, 1982, the INS commenced deportation proceedings against Vivas-Robelo by issuing an order to show cause. The INS lodged an additional charge of deportation on February 23, 1988, under 8 U.S.C. Sec. 1251(a)(11) for commission of a controlled substance offense. Vivas-Robelo had been convicted in California Superior Court of possession of cocaine for sale.
 
 
 5
 In August of 1986, Vivas-Robelo appeared before an Immigration Judge. He conceded deportability and requested political asylum and withholding of deportation to Nicaragua.
 
 
 6
 On April 6, 1989, Vivas-Robelo and his attorney appeared for a hearing on the merits of his application for asylum and for withholding of deportation. At the hearing, Vivas-Robelo's counsel requested a continuance to allow him to seek expunction of the conviction. The request was denied. On questioning by the Immigration Judge, Vivas-Robelo's counsel conceded deportability on the cocaine charge.
 
 
 7
 The Immigration Judge then asked Vivas-Robelo's counsel to present evidence on the question of whether asylum should be granted as a matter of discretion. In response, Vivas-Robelo again moved for a continuance, this time on the ground that it was too late in the day to complete his presentation of evidence. The continuance motion was denied. The Immigration Judge again asked whether Vivas-Robelo had evidence to present on the asylum issue. When Vivas-Robelo's counsel refused to proceed, the Immigration Judge rendered his oral decision. The judge found that although Vivas-Robelo had established a well-founded fear of persecution, he did not qualify for withholding of deportation under 8 U.S.C. Sec. 1253(h)(2)(B) because he had been convicted of a particularly serious crime. The judge further ruled that Vivas-Robelo had failed to establish any factual basis for a favorable grant of discretion on his asylum application under 8 U.S.C. Sec. 1158(a).
 
 
 8
 On appeal to the Board of Immigration Appeals, Vivas-Robelo's sole argument was that the Immigration Judge abused his discretion in not granting his continuance motions. The BIA rejected Vivas-Robelo's contention and dismissed the appeal. This timely appeal followed.
 
 II. Discussion
 
 9
 Vivas-Robelo contends that: (1) he should be granted political asylum; (2) the BIA improperly did not consider his application for withholding of deportation as required by statute; (3) the Immigration Judge abused his discretion in denying his continuance motions; (4) he suffered a due process violation by not receiving an opportunity for a full and fair hearing; and (5) he was denied effective assistance of counsel. We address each contention in turn.
 
 1. Political Asylum
 
 10
 Vivas-Robelo argues that he is entitled to a favorable exercise of discretion on his application for political asylum under 8 U.S.C. Sec. 1158(a). However, Vivas-Robelo did not raise this issue before the BIA. We therefore lack jurisdiction to entertain Vivas-Robelo's contention. Garberding v. INS, 30 F.3d 1187, 1188 n. 1 (9th Cir.1994); Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987) (citing Tejada-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980), cert. denied, 456 U.S. 994 (1982)).
 
 
 11
 2. BIA's Failure to Address Application for Withholding
 
 
 12
 of Deportation
 
 
 13
 Pursuant to 8 C.F.R. Sec. 208.3(b), an asylum request in deportation proceedings shall also be considered a request for withholding of deportation. The Immigration Judge properly treated Vivas-Robelo's asylum application as an additional request for withholding of deportation. Vivas-Robelo did not contest the IJ's withholding of deportation ruling on appeal. Nonetheless, he contends that the BIA erred by not addressing the withholding of deportation question. There was no error. Because Vivas-Robelo did not contest the withholding of deportation portion of the IJ's decision, the BIA had no occasion to address it. Nor do we. Garberding, 30 F.3d at 1188 n. 1.
 
 3. Denial of Continuance Motions
 
 14
 We review for abuse of discretion the Immigration Judge's denial of Vivas-Robelo's continuance motions. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985).
 
 
 15
 Vivas-Robelo first contends that the Immigration Judge erred by not granting a continuance to permit him to seek an expunction of his cocaine possession for sale conviction. We rejected an identical argument in Grageda v. INS, 12 F.3d 919, 921 (9th Cir.1993).[1]
 
 
 16
 Vivas-Robelo next argues that the IJ erred when denying his subsequent continuance motion, which was based upon an asserted lack of sufficient time to present his evidence. According to Vivas-Robelo, the hour of remaining court time was inadequate to allow presentation of an effective defense. But as the BIA correctly noted, Vivas-Robelo's protestations of prejudice are purely speculative. There is nothing in the record suggesting that the IJ would have insisted upon rendering an oral decision at the scheduled termination of court proceedings that day. Rather, the IJ may well have allowed the proceedings to continue past 4:00, or may have ordered a recess until the next available date. Because Vivas-Robelo's counsel refused to present any evidence, the record does not establish actual prejudice to Vivas-Robelo from the denial of his continuance motion. An immigration judge's denial of a continuance motion will be reversed only upon a showing of actual prejudice; speculative prejudice does not suffice. In re Sibrun, 18 I & N Dec. 354, 356-57 (BIA 1983).
 
 4. Due Process
 
 17
 Vivas-Robelo asserts that his due process rights were abridged by the IJ's insistence that he present evidence at the April 6, 1989, hearing on his asylum application. The record does not support Vivas-Robelo's assumption that his presentation of evidence would have been limited to the remainder of the day. Vivas-Robelo's due process argument therefore fails.
 
 5. Ineffective Assistance of Counsel
 
 18
 Finally, Vivas-Robelo asserts that he received ineffective assistance of counsel at the April 6, 1989, hearing before the Immigration Judge. But Vivas-Robelo did not raise the issue before the BIA, where he was represented by different counsel. We do not entertain ineffective assistance of counsel claims raised for the first time on appeal from a decision of the BIA. See Arreaza-Cruz v. INS, 39 F.3d 909 (9th Cir.1994); Roque-Carranza v. INS, 778 F.2d 1373 (9th Cir.1985).[2]
 
 
 19
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Vivas-Robelo apparently was allowed to withdraw his 1982 guilty plea to possession of cocaine for sale, an aggravated felony, and permitted to enter a guilty plea to accessory after the fact. In 1990 he also allegedly received a recommendation from the California Superior Court against deportation based on the latter conviction. As a result, Vivas-Robelo may be entitled to withholding of deportation under 8 U.S.C. Sec. 1253. We do not reach the issue, however, as these post-deportation-order developments must be presented to the BIA in a motion to reopen. 8 C.F.R. Sec. 3.2; see also Olivar v. INS, 967 F.2d 1381 (9th Cir.1992); Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213-14 (9th Cir.1983)
 
 
 [2]
 Vivas-Robelo may, of course, pursue his ineffective assistance of counsel claim with the BIA in a motion to reopen. 8 C.F.R. Sec. 3.2; see also Roque-Carranza, 778 F.2d at 1373-74