85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Armondo SANCHEZ-MORFIN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70569.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1996.*
Decided April 4, 1996.
 
 Before: ALDISERT,** SCHROEDER, TROTT, Circuit Judges.
 
 
 1
 AMENDED MEMORANDUM and ORDER***
 
 
 2
 * Petitioner's record of drug abuse and criminal activity provided substantial evidence for the Board's decision to require Sanchez-Morfin to show unusual or outstanding equities as a prerequisite to obtaining a section 212(c) waiver. Cf. Ayala-Chavez v. U.S.I.N.S., 944 F.2d 638, 642 (9th Cir.1991) (approving application of outstanding equities test to petitioner who was a habitual traffic offender and had been convicted of possession of cocaine).
 
 
 3
 The Board did not abuse its discretion in determining that petitioner failed to show unusual or outstanding equities. Under the abuse of discretion standard, this court may set aside the Board's decision to deny section 212(c) relief "only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns." Id. Petitioner cites his rehabilitation efforts, length of residence, and family ties as equities favoring him. The Board discussed each of these factors in its decision and gave a reasoned explanation of why they were not sufficient. We therefore find no abuse of discretion. Cf. Ayala-Chavez, 944 F.2d at 642 (holding that Board did not abuse its discretion in finding that petitioner had failed to meet outstanding equities test even though he had been a lawful permanent resident for eighteen years since age nine, supported a U.S. citizen minor daughter, and most of his family resided legally in U.S.).
 
 II
 
 4
 In a petition for rehearing, Sanchez-Morfin, by new counsel, argues that he is not deportable under In re Flavio Eduardo Manrique, Int.Dec. 3250, 1995 WL 314732 (BIA May 19, 1995), and that he received ineffective assistance of counsel from his previous attorney who did not so inform the court. We briefly examine the merits of petitioner's argument.
 
 
 5
 Petitioner quotes Manrique for the following proposition:
 
 
 6
 [A]n alien who has been accorded rehabilitative treatment under a state statute will not be deported if he establishes that he would have been eligible for federal first offender treatment under the provisions of 18 U.S.C. Sec. 3607(a) (1988) had he been prosecuted under federal law.
 
 
 7
 Manrique, 1995 WL 314732 at * 9. Petitioner describes Manrique as a new rule of law. It would perhaps be more accurate to say that Manrique modifies earlier cases such as In re Deris, Int.Dec. 3102 (B.I.A.1989), in light of recent Ninth Circuit cases Paredes-Urrestarazu v. INS, 36 F.3d 801, 815 (9th Cir.1994), and Garberding v. INS, 30 F.3d 1187, 1190-91 (9th Cir.1994).
 
 
 8
 Petitioner states that he has applied to have his judgment of guilt set aside under A.R.S. § 13-907(A), which, in combination with A.R.S. § 13-3408, operates similarly to 18 U.S.C. § 3607(a). Therefore, under Manrique, he is not deportable.
 
 
 9
 Quite aside from any procedural obstacles he may confront with this petition for rehearing, petitioner faces at least two problems on the merits of his Manrique argument. First, Arizona has not yet set aside Sanchez-Morfin's conviction. This is not a mere technicality. A.R.S. § 13-907(A) states that a person convicted of a criminal offense may apply to have judgment of guilt set aside. On its face, this provision does not require the state of Arizona to grant such applications. Sanchez-Morfin fails the Manrique requirement that he have been accorded rehabilitation by a state.
 
 
 10
 Second, in Paredes-Urrestarazu v. INS, 36 F.3d 801, 815 (9th Cir.1994), this court held that the INS, for deportation purposes, should honor state expungement to the degree a petitioner would be eligible for similar help under a comparable federal enactment. In one sense, Sanchez-Morfin may have been "eligible" to begin first-offender treatment under 18 U.S.C. § 3607(a), which creates pre-judgment probation procedures that allow persons charged with first-time possession offenses to avoid judgment of conviction. To receive the benefits of 18 U.S.C. § 3607(a), however, a first-time offender must demonstrate rehabilitation by good behavior during pre-judgment probation. Sanchez-Morfin violated the terms of his probation, so Arizona sent him to prison. The federal statute does not seem to help probation violators. Therefore, petitioner has placed himself beyond the protection of 18 U.S.C. § 3607(a) and cannot claim the help of Manrique.
 
 
 11
 PETITION DENIED; PETITION FOR REHEARING DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3