91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reyna Teresa TORRENTES-CRUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70875.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reyna Teresa Torrentes-Cruz petitions for review of a decision of the Bureau of Immigration Appeal (BIA) affirming an immigration judge's (IJ) denial of her application for asylum and withholding of deportation to Nicaragua. We deny the petition.
 
 
 3
 We first address the INS' contention that we lack jurisdiction because petitioner did not adequately present to the BIA the issues raised here. See Garberding v. I.N.S., 30 F.3d 1187, 1188 n. 1 (9th Cir.1994) (failure to exhaust administrative remedies deprives the court of jurisdiction). By denying the INS' motion for summary dismissal, the BIA clearly concluded that petitioner adequately presented the issues for appeal. We agree, and accordingly, we have jurisdiction over this matter.
 
 
 4
 We reject petitioner's contention that she is entitled to asylum. Substantial evidence exists in the administrative record to support the IJ's finding that petitioner's fear of persecution is not objectively reasonable. See Ramos-Vasquez v. I.N.S., 57 F.3d 857, 861 (9th Cir.1995) (IJ's findings are reviewed for substantial evidence). The IJ reasoned that there is no indication that petitioner will be harmed if returned to Nicaragua, relying on the State Department's report on the improved conditions in Nicaragua and the fact that petitioner's father, mother and two younger sisters have lived in Nicaragua unharmed over the past several years. This evidence was also sufficient to rebut a presumption of a well-founded fear future persecution based on past persecution. See 8 C.F.R. § 208.13(b)(1)(i). The BIA thus did not abuse its discretion by denying petitioner's request for asylum. See Ramos-Vasquez, 57 F.3d at 861.
 
 
 5
 We also reject petitioner's contention that she is entitled to a withholding of deportation. Petitioner concedes that the "clear probability of persecution" standard for withholding deportation is stricter than the "reasonable possibility" standard required for asylum. See I.N.S. v. Stevic, 467 U.S. 407, 430 (1984). Because we conclude that the BIA properly denied petitioner's application for asylum, we also conclude that the BIA properly denied petitioner's request to withhold deportation.
 
 
 6
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3