**Melanio Ambida QUIBOL, Petitioner**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent**

No. 00–70972.

BIA No. A38–452–370.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 31, 2001 *.

Decided Nov. 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before DAVID R. THOMPSON, O'SCANNLAIN and BERZON, Circuit Judges.

MEMORANDUM **

Melanio Ambida Quibol ("Quibol") appeals the Board of Immigration Appeals' ("BIA") denial of Quibol's request for waiver of deportation and the Immigration Judge's (IJ) denial of Quibol's request for voluntary departure. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. *Waiver of Deportation, INA § 241(a)(1)(H), 8 U.S.C. § 1251(a)(1)(H) (1994):*

■ *The credibility determination.* Quibol did not contest the IJ's credibility determination before the BIA and thus has not exhausted his administrative remedies as to this issue. This court therefore does not have jurisdiction to review whether the BIA abused its discretion in adopting the IJ's adverse credibility determination. *See Garberding v. INS,* 30 F.3d 1187, 1188 n. 1 (9th Cir.1994) ("Generally, failure to raise an issue with the BIA constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to consider the issue.").

■ Nor has Quibol shown a violation of his right to due process or equal protection of the laws. Substantial evidence in the record supported the credibility determination, and Quibol has presented no evidence that he received different treatment from others similarly situated. *See id.* ("[B]ecause the BIA does not have jurisdiction to adjudicate constitutional issues, we will consider constitutional claims not raised before the BIA . . . .").

■ *The factors considered.* The BIA considered the effect deportation would have on Quibol's family unity and reached a reasonable conclusion that the facts of this case did not counsel waiver,

820

because Quibol's wife and two children live in the Philippines. The BIA did not abuse its discretion in considering Quibol's initial entry fraud and subsequent misrepresentations regarding his marital status at the naturalization interview and at the hearing before the IJ. *See INS v. Yang,* 519 U.S. 26, 30, 32, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996); *In re Tijam,* Int. Dec. 3372 (BIA 1998) (en banc).

2. *Voluntary Departure, INA § 244(e), 8 U.S.C. § 1254(e) (1994):*

█ This court does not have jurisdiction to review the IJ's denial of Quibol's motion for voluntary departure because Quibol did not appeal this issue to the BIA. *See Garberding,* 30 F.3d at 1188 n. 1.

The agency's decision is AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.