**William Antonio MARTINEZ**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE**
**Respondent**

No. 99–70563.
I & NS No. A74 429 415.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Submission Vacated April 4, 2001.

Resubmitted: April 29, 2002.

Decided May 1, 2002.

Before BEEZER, T.G. NELSON and BERZON, Circuit Judges.

## MEMORANDUM *

William A. Martinez ("Martinez") petitions for review of the Board of Immigration Appeal's ("BIA") denial of his application for asylum and withholding of deportation. We grant the petition for review and remand. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. The BIA held that Martinez had not established eligibility for asylum because he had not shown a well-founded fear of persecution on account of his political opinion or a political opinion imputed to him. *See* 8 U.S.C. § 1101(a)(42)(A) (A person is eligible for asylum if he or she establishes "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion ...."). We affirm this holding, because it is supported by substantial evidence. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

The BIA did not, however, address Martinez's claim that he suffered persecution on account of his membership in a particular social group, namely his family.[2] *See Molina–Estrada v. INS*, 281 F.3d 906, 912 (9th Cir.2002) ("We have recognized that, in some circumstances, a family constitutes a social group for purposes of the asylum and withholding-of-removal statutes.") (citations omitted). We remand to allow the BIA the opportunity to decide in the first instance whether Martinez established a well-founded fear of persecution on this ground.

2. The BIA relied upon the IJ's resolution of two other issues, and so we review the IJ's determination of those issues. *See id.* at 910 ("Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's.").

The IJ found Martinez's testimony not credible because of inconsistencies between his testimony and asylum application. The testimony and application were not, however, inconsistent: Martinez's testimony simply provided more detail than did his rather vague application. The addition of details to a description of events does not alone make that description in-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. While acknowledging that Martinez raised this argument before the IJ, the INS asserts that Martinez did not make the same argument to the BIA and therefore has waived the issue. *See Garberding v. INS*, 30 F.3d 1187, 1188 n. 1 (9th Cir.1994) ("Generally, failure to raise an issue with the BIA constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to consider the issue."). Although his brief to the BIA was not a model of clarity, Martinez sufficiently raised the issue by pointing out that he had testified before the IJ that the guerillas persecuted him because of their interest in his cousin and his resemblance to his cousin and by stating repeatedly that he and his family suffered persecution by guerillas. Martinez gave no indication in his notice of appeal or brief to the BIA that he intended to limit in any way his claim of persecution as he had asserted it before the IJ and, instead, challenged generally the IJ's decision finding that he had not established a well-founded fear of persecution. *See Ladha v. INS*, 215 F.3d 889, 901 n. 13 (9th Cir.2000) (holding political persecution claim administratively exhausted by applicant's raising of the issue before the IJ and general challenge of the IJ's determination in his brief to the BIA).

consistent with a less detailed version of the same events. And here, Martinez prepared his application without legal counsel, but at the hearing was represented by a lawyer who drew out on direct examination the specific events that provide the basis for his asylum claim. So there is a perfectly reasonable explanation for the discrepancy in the level of detail that says nothing about Martinez's credibility.

We therefore conclude that substantial evidence does not support the BIA's negative credibility finding. *See Fisher,* 79 F.3d at 961; *see also Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996) (The BIA "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief.") (quoting *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994)).

3. The IJ also found that, even if Martinez had demonstrated past persecution, the INS had presented sufficient evidence to rebut the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1)(i); *Gafoor v. INS,* 231 F.3d 645, 650 (9th Cir.2000). In making this finding, the IJ recited changed country conditions as described in the State Department's *El Salvador—Profile of Asylum Claims and Country Conditions* (February 1997) ("State Department Profile"), but made *no* individualized analysis pertaining to the changed conditions. We cannot, therefore, affirm on this ground. *See Lal v. INS,* 255 F.3d 998, 1010 (9th Cir.2001) ("[W]e have long held that the determination of whether or not a particular applicant's fear is rebutted by changed country conditions information requires an individualized analysis that focuses on the specific harm suffered and the relationship of the particular information contained in the relevant country reports." (quoting *Chand v. INS,* 222 F.3d 1066, 1079 (9th Cir.2000))); *see also* State Department Profile, at 4 ("[A]nalysis of each specific claim will be required.").

If, on remand, the BIA finds that Martinez has shown past persecution, the BIA should then conduct the requisite individualized analysis.

## CONCLUSION

The petition for review is GRANTED, and the case is REMANDED to the BIA for reconsideration of Martinez's application for asylum and withholding of deportation.