Ruben AYALA–CABALLERO,
Plaintiff—Appellant,

v.

Robert S. COLEMAN; United States
Immigration and Naturalization
Service, Defendants—Appellees.

No. 01–36056.

D.C. No. CV–00–01402–MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Decided Dec. 26, 2002.

Before HILL,* GOULD and BERZON, Circuit Judges.

## MEMORANDUM **

Ruben Ayala–Caballero, a citizen and native of Mexico, appeals the district court's dismissal of his petition for habeas corpus relief from deportation. In his habeas petition, Mr. Ayala–Caballero claimed that: (1) a statute providing relief to a

---

* The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Immigration and Naturalization Service ("INS") has not contended that this claim should have been raised in Mr. Ayala–

---

limited group of aliens who smuggle family members into the United States violated his constitutional right to equal protection; (2) the Board of Immigration Appeals (BIA) acted in contravention of customary international law by failing sufficiently to consider in his deportation hearing the best interest of his United States citizen children; (3) the BIA arbitrarily exercised its discretion on appeal when it declined to suspend his deportation under INA § 244; and (4) the BIA abused its discretion by denying his motion to reopen. We have jurisdiction to review three of these four claims and affirm the district court's denial of habeas relief on the claims of which we have jurisdiction. As the parties are familiar with the factual and procedural history of this case, we will only recount it as necessary to explain our decision.

## ANALYSIS

### A. Equal Protection

 Mr. Ayala–Caballero contends that 8 U.S.C. § 1101(f)(3), read in conjunction with 8 U.S.C. § 1182(a)(6)(E), violates the equal protection component of Fifth Amendment Due Process. We have jurisdiction to review habeas claims alleging constitutional or statutory error in the deportation process. See Gutierrez–Chavez v. INS, 298 F.3d 824, 828–30 (9th Cir. 2002); Magana–Pizano v. INS, 200 F.3d 603, 609 (9th Cir.1999).[1]

Section 1101(f)(3) provides, in relevant part, that:

---

Caballero's petition for review in this court rather than on habeas. We therefore consider any such contention waived and assert our habeas jurisdiction under 28 U.S.C. § 2241. See Castro–Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir.2001) (although habeas petitioners must generally exhaust available judicial relief before seeking habeas relief under § 2241, exhaustion requirement is not jurisdictional and may be waived).

No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is or was—[ ... ](3) a member of one or more classes of persons, whether inadmissable or not, described in paragraphs ... (6)(E) ... of section 1182(a) of this title.

8 U.S.C. § 1101(f)(3) (1999). Section 1182(a)(6)(E) states that among the classes of aliens "ineligible for visas or admissions" are "Smugglers," defined as "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of law is inadmissible." 8 U.S.C. § 1182(a)(6)(E) (1999). There is an exception to the general inadmissability of smugglers:

in the case of an alien who is an eligible immigrant (as defined in section 301(b)(1) of the Immigration and Nationality Act of 1990), was physically present in the United States on May 5, 1988, and is seeking admission as an immediate relative or under section 1153(a)(2) of this title (including under section 112 of the Immigration Act of 1990), or benefits under section 301(a) of the Immigration Act of 1990 if the alien, before May 5, 1988, has encouraged, induced, assisted, abetted, or aided only the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

8 U.S.C. § 1182(a)(6)(E)(ii) (1999). To be an "eligible immigrant" for the purposes of this section, the immigrant must be "a qualified immigrant who is the spouse or unmarried child of a legalized alien." Immigration and Nationality Act of 1990

§ 301(b)(1), Pub. Law 101–649, 104 Stat. 4978 (1990).[2]

Mr. Ayala–Caballero does not qualify for this statutory exception to inadmissibility of "smugglers" because (1) his "smuggling" took place in 1991, not before May 5, 1988, and (2) he is not and never has been "a qualified immigrant who is the spouse or unmarried child of a legalized alien."

Nor does § 1186(a)(6)(E) violate the equal protection guarantee as applied to Mr. Ayala–Caballero. Statutory distinctions between aliens are subject to relaxed scrutiny, so that federal classifications among groups of aliens are valid unless "wholly irrational." *Mathews v. Diaz*, 426 U.S. 67, 83, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1975); *Garberding v. INS*, 30 F.3d 1187, 1190 (9th Cir.1994). It is not wholly irrational—and is functionally necessary—for Congress to stipulate time frames in which amnesty-like provisions, such as the exception for family-smugglers, apply. *See generally Mathews*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478. It is also not wholly irrational for Congress to distinguish between aliens based on their family connection to legalized United States residents, in furtherance of a general amnesty scheme.

### B. *International Law Claims*

■ Mr. Ayala–Caballero also asserts that, in making its determination the BIA failed sufficiently to consider the best interest of his citizen children. Citing a district court case for support, Ayala–Caballero asserts that this failure contravenes customary international law principles as incorporated in federal law. *See Beharry v. Reno*, 183 F.Supp.2d 584 (E.D.N.Y.2002) (holding that Article 3 of

---

**2.** A "qualified immigrant" is not defined in the INA of 1990, but appears to be one who qualifies for the extension of earlier legalization procedures enacted under the 1990 Act.

*See generally* Immigration and Nationality Act of 1990, Pub.L. 101–649, 104 Stat. 4978 (1990).

the United Nations Convention on the Rights of the Child has attained the status of customary international law and is therefore incorporated in federal law).

This court's recent decision in *Gutierrez–Chavez* holds that federal courts may review habeas petitions that allege "the INS somehow failed to exercise discretion in accordance with federal law or did so in an unconstitutional manner." 298 F.3d at 828. *See also INS v. St. Cyr*, 533 U.S. 289, 300, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Under *Gutierrez–Chavez*, we have jurisdiction over Mr. Ayala–Caballero's claims that the BIA violated Article 3 of the United Nations Convention on the Rights of the Child ("CRC").

We need not decide whether Article 3 of the CRC is in fact enforceable as federal law. Even if it is, Mr. Ayala–Caballero has not shown that the BIA violated Article 3 of the CRC. The BIA gave significant consideration to the challenges and disadvantages Mr. Ayala–Caballero's children might face if they are forced to return to Mexico with their father, both in its original decision and in its decision on the motion to reopen. Article 3 of the CRC requires only that "best interest of the child shall be a primary consideration," not that those interests will always prevail. Mr. Ayala–Caballero therefore could not demonstrate that Article 3 of the CRC was violated during the conduct of his deportation proceedings.

### C. Arbitrary Exercise of Discretion

■ Mr. Ayala–Caballero claims that the BIA arbitrarily exercised its discretion in denying him relief under former 8 U.S.C. § 1254, INA § 244, the statutory section that permitted discretionary suspension of deportation under certain circumstances. Since Mr. Ayala–Caballero's deportation case was initiated prior to April 1, 1997 and the final order of depor-

tation in his case was entered after October 30, 1996, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) apply. *See Magana–Pizano*, 200 F.3d at 607. In a case governed by the transitional rules, § 309(c)(4)(E) of the IIRIRA provides that there shall be no judicial review of any discretionary decision under INA § 244. *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).

The statutory language of INA § 244 ("the Attorney General may, in his discretion, suspend deportation ...") makes clear that grants of suspension of deportation are wholly within the discretion of the Attorney General, even if the statutory requisites are met. *See id.* at 1151–52. As a wholly discretionary act, the BIA's failure to grant suspension of deportation (as a opposed to legal errors in assessing statutory eligibility for suspension) is not reviewable by this court on habeas. *Id.* at 1153; *Gutierrez–Chavez*, 298 F.3d at 828. Thus, to the extent that Mr. Ayala–Caballero simply alleges arbitrary discretionary action by the BIA, we lack jurisdiction to review his claims.

### D. Denial of a Motion to Reopen

■ As discussed above, Mr. Ayala–Caballero does not fulfill the threshold requirements for being a potential recipient of discretionary relief under former 8 U.S.C. § 1254 because he cannot meet the threshold "good moral character requirement." The BIA therefore did not err in declining to reopen his case.

### CONCLUSION

Because we find that Mr. Ayala–Caballero cannot prevail on his Constitutional and international law challenges, and because he is statutorily ineligible for suspension of

deportation, we AFFIRM the district court's dismissal of his habeas petition.