**Miguel NOLASCO–MARTINEZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–74697.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2007 *.

Filed March 2, 2007.

Miguel Nolasco–Martinez, Santa Fe Springs, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Julia Doig Wilcox, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: McKAY **, KOZINSKI, and TROTT, Circuit Judges.

MEMORANDUM ***

Miguel Nolasco–Martinez appeals from the Board of Immigration Appeals' (BIA) conclusion that he was removable as an alien convicted of a crime relating to controlled substances.

Section 1252(a)(2)(C) of 8 U.S.C. divests this court of jurisdiction to review any final order of removal against an alien adjudicated removable by reason of having committed a criminal offense covered in 8 U.S.C. § 1182(a)(2), which includes crimes relating to controlled substances. If, however, in challenging an agency determination that an alien is removable by reason of committing such an offense, the alien presents a question of law, then 8 U.S.C. § 1252(a)(2)(D) gives the court jurisdiction to resolve the legal question in the first

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

instance. *Cardoso–Tlaseca v. Gonzales,* 460 F.3d 1102, 1103 (9th Cir.2006); *see also Lujan–Armendariz v. INS,* 222 F.3d 728, 734 (9th Cir.2000) (the court retains jurisdiction to determine if the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) applies). Nolasco–Martinez presents the legal question of whether he has, as the BIA concluded, been convicted of a crime relating to a controlled substance.

Nolasco–Martinez's 1993 conviction qualifies as a conviction for federal immigration law purposes, regardless of the fact that the conviction was later expunged. *Ramirez–Castro v. INS,* 287 F.3d 1172, 1174 (9th Cir.2002) (citing *Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir. 2001)). The limited exception recognized in *Lujan–Armendariz,* 222 F.3d at 749–50 (convictions in state court that, if tried in federal court, would qualify for relief under the Federal First Offenders Act (FFOA) are not convictions under the INA) provides the only exception to the "general rule" that a "conviction"—whether deferred and never entered or entered and later expunged—counts as a conviction under the INA. *See Ramirez–Castro,* 287 F.3d at 1174 (recognizing *Lujan–Armendariz* as the exception to the "general rule").

Nolasco–Martinez cannot benefit from the limited *Lujan–Armendariz* exception because he is not a first offender. He received the state-law equivalent of FFOA relief when he benefitted from California's pretrial diversion program for the 1988 charge, and therefore he cannot receive the benefit of the *Lujan–Armendariz* exception for his 1993 conviction. His argument that because the California state-rehabilitative statute is not an exact counterpart to the FFOA, his 1993 conviction is

his first offense, is foreclosed by *Garberding v. INS,* 30 F.3d 1187, 1190–91 (9th Cir.1994), where this court rejected the argument that only expungements under exact state counterparts to the FFOA are given effect in immigration proceedings.

Therefore, this court lacks jurisdiction to review further the BIA's decision, and Nolasco–Martinez's petition is **DISMISSED.**