Andrea **EUDAVE–MENDEZ,** Petitioner,

v.

Peter D. **KEISLER,**\* Acting Attorney General, Respondent.

No. 05–70597.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.\*\*

Filed Oct. 1, 2007.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General, pursuant to Fed. R. App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patricia A. Smith, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

# MEMORANDUM ***

Andrea Eudave–Mendez appeals from the Board of Immigration Appeals' affirmance of an Immigration Judge's decision finding her both removable and ineligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

First, we reject Eudave–Mendez's claim that the subsequent expungement of her California conviction, for violating Cal. Health & Safety Code § 11366.5(a), prevents the Government from removing her on the basis of it. It is true that Lujan–Armendariz v. INS, 222 F.3d 728 (9th Cir.2000) and Garberding v. INS, 30 F.3d 1187 (9th Cir.1994), stand for the proposition that the Government cannot, for immigration purposes, distinguish between one who has received relief under a state rehabilitation statute, as opposed to the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, solely "because of the breadth of [her state's] expungement statute, not because of what she did," Garberding, 30 F.3d at 1191 (citation omitted). That is, "persons who received the benefit of a state expungement law [are] not subject to deportation as long as they could have received the benefit of the [FFOA] if they had been prosecuted under federal law." Lujan–Armendariz, 222 F.3d at 738. Yet Eudave–Mendez's section 11366.5(a) conviction has no apparent similarity to the only federal drug crime for which the FFOA provides relief—simple possession—and she has not even attempted to argue any such similarity or that she would have received relief under the FFOA had she been prosecuted under federal law. Thus this argument fails. See

*Dillingham v. INS*, 267 F.3d 996, 1006 (9th Cir.2001) ("In *Paredes–Urrestarazu [v. INS,* 36 F.3d 801 (9th Cir.1994)], we recognized the converse rule that persons found guilty of a drug offense who could not have benefited from the FFOA were not entitled to receive favorable immigration treatment, even if they qualified for rehabilitation under state law.").

We do, however, find merit in the second of Eudave–Mendez's arguments, that the BIA erred in holding that her conviction for violating Cal. Health & Safety Code § 11366.5(a) was categorically an "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43)(B), because all behavior prohibited by section 11366.5(a) would also have constituted a violation of 21 U.S.C. § 856(a)(2). Although section 11366.5(a) and § 856(a)(2) are very similar, they differ in one important respect: the mens rea requirement for section 11366.5(a) is only "knowingly," while for § 856(a)(2) it is "knowingly and intentionally." "Intentionally" and "knowingly" are terms with traditional meanings in criminal law, and the meanings are different. *Cf. Salviejo–Fernandez v. Gonzales,* 455 F.3d 1063, 1067 (9th Cir.2006) (citations omitted) (noting that generally, "purpose" equates with specific intent, and "knowingly" with general intent). Indeed, in *People v. Sanchez,* 27 Cal.App.4th 918, 33 Cal.Rptr.2d 155, 158 (1994), a California court recognized that the lack of a specific intent requirement in section 11366.5(a) differentiated it from another, more general, state drug law. Although the Government urges us to ignore part of the explicit mens rea requirement of § 856(a)(2), we cannot read "intentionally" out of the statute. *See Boise Cascade Corp. v. EPA,* 942 F.2d 1427, 1432 (9th Cir.1991) (citations omitted) ("Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.").

Accordingly, Eudave–Mendez's California conviction does not fall categorically within 21 U.S.C. § 856(a)(2), and thus cannot constitute an "aggravated felony" on the basis of being a "drug trafficking crime," 18 U.S.C. § 924(c)(2).[1] Because the BIA did not reach any other basis for characterizing Eudave–Mendez's conviction as an "aggravated felony," we remand to the BIA. *Cf. Chen v. Ashcroft,* 378 F.3d 1081, 1088 (9th Cir.2004) (noting that sometimes, in the face of a novel legal question, "the better course ... is to remand to the agency for its consideration of the issue in the first instance").

**PETITION GRANTED; REMANDED.**

---

1. This conclusion renders it unnecessary for us to consider Eudave–Mendez's argument that section 11366.5(a) cannot be a "drug

---

trafficking crime" because it does not contain a firearm element.

